State, to use of Watts et al., by their guardian, Kingsbury, v. Boon et al.

———————◇———————

STATE, TO USE OF HAMPTON B. WATTS *et al.*, BY THEIR GUARDIAN, HORACE KINGSBURY, Appellant, *v.* WILLIAM C. BOON *et al.*, Respondents.

1. *Administrators — Joint bonds of — Liability of sureties on for acts of survivor.*—A. and B. were appointed administrators of a certain estate, and gave bond as such. Subsequently an act of the Legislature, mentioning them by

name and style of office, empowered them to sell the estate and put the purchase money out at interest for the benefit of the heirs. It also required them to give new bond, with securities, to insure the performance of the trusts vested by the act. The additional bond was given, and afterward, A. having become disqualified, B., by a further act of the Legislature, was clothed with full powers to carry out the trusts, but no new bond was required. B. proceeded to sell the estate, but failed to account for the proceeds, and suit was brought against the securities on the bond called for by the original act. *Held*, that the word " administrator," as used therein, simply designated their persons; and that the powers conferred by the act were given to them *nominatim*, as individuals, and not in any representative capacity. They were donees of a naked power, unconnected with their duties as administrators, and the securities on their bond could not be held responsible for the wrongful acts of B.

2. *Sureties for several persons presumed to be joint — Not liable for acts of survivor.*—If a person engage as a surety to several individuals, the engagement must be understood to be to all of them collectively and jointly; and if any of them die or cease to act, it will not be available in respect to transactions afterward by the survivors or the persons continuing to act.

*Appeal from Fourth District Court.*

*W. B. Napton*, for appellant.

I. The act of 1857 was not a naked power to two individuals, disconnected with Watts' estate, but was to the two administrators of the estate, and simply extends the power already possessed by them under the general law; and the general law of administrators, which gives the survivor power to do all the acts intrusted to both, was a part of the act of 1857.

II. As to the doctrine of *descriptio personæ*, it is utterly inapplicable; the principal is substituted for the incident, the principal in this case being the administrators, and the *descriptio personæ* being their names.

III. But if Mrs. Watts was selected without reference to her position as administratrix, and invested with a naked power, as the courts have termed it, her letters were not revoked by marriage, for there is nothing in the law to hinder a married woman from executing a naked power; and it is only by virtue of the administration law that her power ceased when she married. (Sugd. on Powers, 141–4.) And why was no new bond required on her marriage if that act destroyed her capacity to sell and convey? Simply because the law recognized the right

State, to use of Watts et al., by their guardian, Kingsbury, v. Boon et al.

of her survivor to proceed and act as though she was still acting, and the sufficiency of this bond rendered another unnecessary under the decisions of our court. (Dobyns v. McGovern, 15 Mo. 665.) The securities were responsible, after one of the administrators had died, for devastavits committed by the survivor.

IV. The doctrine "*descriptio personæ*," as applied, invoked by the other side, applies to personal and not real estate.

*John B. Clark & Son*, for appellant.

*Wash. Adams*, with whom were *Prewitt & Hall*, for respondents.

I. The powers conferred on Mrs. Watts and W. C. Boon to sell the lands of Watts, deceased, was a statutory power, and must be taken strictly; and, being a joint power, could not be executed, under the original act, by one alone. The defective execution of such a power can not be aided in chancery, because the heirs whose rights are to be affected had nothing at all to do with the creation of the power, and, *nolens volens*, if properly executed, their title would pass. (Bright v. Boyd, 1 Sto. 486; 1 Sto. Eq. § 177; Moreau v. Detchemendy, 18 Mo. 530; Speck v. Wohlien, 22 Mo. 310; Moreau v. Branham, 27 Mo. 350; Fowler v. St. Joseph, 37 Mo. 237–8; Boswell's case, per Hutton, Roll. Abr. 379; Cowper, 267; 2 Burr. 1146; 2 Freem. 244; Downing v. Boggs, 21 Wend. 178.)

II. This power is a mere naked power — one not coupled with any interest whatever. (Hunt v. Rousmanier, 8 Wheat. 174, 271; 1 Am. Lead. Cas. 576; 3 Comst. 400; 5 N. Y., 1 Seld., 144; Thatcher v. Powell, 6 Wheat. 119; 1 Hill. 141; 7 Hill. 433.)

III. This was not a case of joint trustees, where, on the death, etc., of one, the power would survive. (1 Coke, 738; Stewart v. Pettus, 10 Mo. 756.)

IV. The power to sell was not given to them in their representative capacities as administrator and administratrix of Watts, deceased. Those terms were merely a *descriptio personarum*.

V. The statutory power was no enlargement of their ordinary

powers as administrators, but was a new power in itself, created by statute for the benefit of the heirs alone.

VI. The bond in suit was not given to perform duties as administrators, but to account for the moneys coming to their hands by any exercise of the power under the original act. These parties are merely securities on this bond, and their liability can not be extended beyond its obligations. They did not undertake to be liable for Boon's separate acts of sale. ( See Nolley *et al.* v. Callaway County Court, 11 Mo. 463.)

WAGNER, Judge, delivered the opinion of the court.

It appears from the record that Evalina Watts was administratrix, and William C. Boon was administrator, of the estate of Benjamin Watts, deceased, in Howard county, in this State, and that as such they gave bond, according to law, providing for their faithful administration. Subsequently an act was passed by the Legislature, approved February 9, 1857 (Sess. Acts 1857, p. 190), authorizing the said Evalina Watts and William C. Boon to sell all the real estate belonging to the deceased Watts. The act is entitled " an act for the benefit of the heirs of Benjamin Watts, deceased." The first section declares that " Evalina Watts, administratrix, and William C. Boon, administrator, of the estate of Benjamin Watts, deceased, of Howard county, are hereby authorized and empowered to sell and convey all the real estate belonging to said Benjamin Watts at the time of his death, lying in the said county of Howard." Section 2 requires that before sale the real estate shall be appraised by three disinterested householders of the county, to be appointed by the County Court; and provides for securing the purchase money if the same is sold on credit, and prohibits the sale being made at less than the appraised value. The third section delegates to the administrators power to divide the property and sell in lots, at their discretion. By section 4, the administratrix and administrator are required to make a full report of their proceedings, under oath, to the County Court; and, if the court approve their proceedings, they are then directed to make to the purchaser a deed, upon full payment of the purchase money,

conveying to the purchaser all the right, title, claim, and interest held, or which might be held, at the time of such sale, by the heirs of Watts in and to the real estate. By section 5, it is provided that, after paying all reasonable costs and expenses attending the appraisement and sale of the real estate, the administratrix and administrator shall cause the amount of the money to be loaned at interest, with good security, for the benefit of the heirs, until such time as the County Court shall order a distribution among the heirs. The sixth section provides that the County Court shall require the administratrix and administrator to give bond and security, to be approved by the court, before making any sale, sufficient to secure to the heirs the full amount for which the real estate may be sold, together with interest thereon; and authorizes the County Court to make all necessary orders to carry the act into effect, and to secure the faithful and proper application and distribution of the proceeds of the sales. Under this act, Mrs. Watts and W. C. Boon gave an additional bond, aside from their regular bond as administrators of the estate of Watts, deceased, with the defendants as their securities. This bond recited the act of the Legislature, and covenanted that the principals should faithfully comply with its terms and requirements. After selling a small portion of the real estate, Mrs. Watts married, which caused a revocation of her letters of administration on the estate of her late husband, Benjamin Watts, deceased. After the marriage of Mrs. Watts, the Legislature passed an amendatory act, which was approved January 28, 1859. This act consisted of a single section, and was as follows: "William C. Boon, administrator of the estate of B. Watts, deceased, is hereby authorized and empowered to make all sales and conveyances of the real estate of B. Watts, deceased, under and by virtue of the provisions of the act to which this is amendatory, as fully as the said William C. Boon as administrator, and Evalina Watts as administratrix, could have done under said act before the letters of administration of the said E. Watts were revoked by her marriage; and all sales of real estate made by W. C. Boon, as administrator, since the marriage of said E. Watts, in accordance with the act aforesaid, and approved by the

County Court of Howard county, shall be as valid and binding as if made by the said Boon and E. Watts before the marriage of said Evalina, by which her letters of administration were revoked." This amendatory act empowered Boon to sell alone, according to the provisions of the previous enactment, but did not require that he should give any new or additional bond; and none was given. Boon, under the authority of the last-mentioned act, sold a large amount of the real estate belonging to the minor children of B. Watts, but failed to account for the proceeds; and this suit was brought on the bond given by Mrs. E. Watts, Wm. C. Boon, and their securities, in accordance with the provisions of the original act. The question is whether the sureties in the bond can be held liable for the sole and separate acts of Boon, after Mrs. E. Watts ceased to act or participate in the matters connected with the sales.

The Circuit Court held that they were not responsible, and this ruling was approved in the District Court. The case must rest upon the construction placed upon the act of 1857. If the act be so construed as to confer upon the administrators of B. Watts, deceased, the power to sell the real estate in their official capacity as administrators, then the liability of the sureties is unquestioned. If, however, it conferred upon them a mere naked statutory power, giving them power to sell simply as individuals, it amounted to a personal trust, and the act of one would not hold the securities. By the statute law of this State, if there be more than one executor or administrator of an estate, and the letters of part of them be revoked or surrendered, or a part die, those who remain shall discharge all the duties required by law respecting the estate. And where the sole administration devolves on one administrator, in consequence of the death or other disability of a co-administrator, the law contemplated that state of things, and the obligation of the bond will not be impaired, but the securities will be held liable. (Dobyns v. McGovern, 15 Mo. 662.)

But, as a general proposition, where a statute gives a power to several persons to do anything requiring discretion or an exercise of judgment, all must meet and confer. (Wood v. Phelps

County, 28 Mo. 119.) Numerous questions have arisen, and some of them of much difficulty, in respect to the execution of powers where two or more persons are named as donees. Ordinarily, in such a case, all the donees must join in the execution of the power. And this is always true unless the contrary is expressed. (2 Washb. Real Prop. 614 ; 4 Greenl. Cruise's Dig. 211 n.; Co. Lit. 113, Hargrave's n. 146; Sto. Eq. Juris. § 1061; Franklin v. Osgood, 14 Johns. 553.)

In a deed where there was a power of revocation to be exercised by two persons, one of them died without exercising it; and it was held that the remaining one could not act for himself, and that the power of revocation was at an end. (Montefiore v. Browne, 7 H. L. Cas. 241.) However, where the power is to several persons having a trust capacity or an office, in its nature like that of the executors of a will—susceptible of survivorship— and any of them die, the power will survive, unless it is given to them *nominatim*, as to the individuals by name. In this latter case the power would not survive unless it was coupled with an interest in the donees of the power. (Co. Lit. 113 *a.*, Hargrave's n. 146; Sto. Eq. Juris. § 1062; Tainter v. Clark, 13 Met. 220 ; Peter v. Beverley, 10 Pet. 564; 1 Sugd. Pow. 144–6.)

We must determine whether the power to sell the real estate of B. Watts, deceased, was given by the Legislature to E. Watts and Boon in their administrative capacity, or whether they were donees of a naked power, unconnected with their duties as administrators. The first section of the act names them as administratrix and administrator, and that is really the only thing that has the semblance of connecting them officially with the new powers delegated. They had already administered on the estate in the regular line of administration. The new and extraordinary powers granted by the legislative enactment were not necessary to perform any duty touching their powers as administrators. The law made ample provision for the sale of land, for the purpose of paying demands against the estate, and for the final adjustment of their accounts. But the act does not purport to invest them with power to sell for the benefit of the estate, or for anything touching the affairs of the estate, but solely for the

heirs. It proceeds plainly upon the hypothesis that the debts were either paid, or that there were sufficient assets to satisfy them. It is entitled an act for the benefit of the heirs, and every section shows that the land, the sale, and the proceeds exclusively concern them, and have nothing in common with any interest in the estate or with anything in reference to its administration. The fact that after E. Watts and W. C. Boon were named as the persons who should be empowered to make the sales, the words "administrator" and "administratrix" were affixed does not in the least alter or vary the plain meaning of the act. The words simply designate the persons; and it may have been considered that Mrs. Watts, being the natural guardian of the heirs, and she and Boon being the administrators of the estate, and understanding thoroughly its condition and the value of the property—and, moreover, feeling a personal interest in the welfare of the minor children—were the most fit and appropriate agents to be intrusted with the important power. It is very clear from the whole context of the original act that the power was given to them *nominatim*, as individuals, and not in any representative or official capacity.

It will now be necessary to consider the effect of the amendatory act. The act assumes that Mrs. E. was no longer capable of acting in conjunction with Boon in executing the power, because her letters of administration were revoked in consequence of her marriage; and proceeds to confer upon Boon the sole power, but does not require him to give any new or additional bond. The idea in the mind of the draftsman of this act was, unquestionably, that in the execution of the power E. Watts and Boon acted in their administrative capacity, and that the power attached to their office, and the marriage of E. Watts, disqualified and disabled her from further acting. But if this were so, the act would have been superfluous and unnecessary, as the power would have survived to Boon by operation of law. But we have seen that this was a mistaken view of the law, and that the parties, in executing their trust, were the donees of a mere naked statutory power. In the capacity in which she acted in and about the sale of the realty, the marriage of Mrs. Watts was no bar to her continued

exercise of the power committed to her in conjunction with Boon. A married woman may be an agent or execute a naked power. The case, then, stands in this attitude : A joint statutory power is given to two persons to perform certain acts ; and to guarantee the faithful performance and execution of the power, security is demanded and given.   One of the donees of the power ceases to act, and the other, in accordance with new authority, proceeds to execute the power by himself, but fails to faithfully discharge his duties ; and waste ensues, by which the beneficiaries are damaged. Can the securities on the bond given for the joint acts of both the donees be held responsible for the wrongful acts of one ?   The answer to this question must certainly be in the negative.

The liability of the surety can not be extended beyond the plain terms of his contract.   He is bound by the conditions of his obligation, and no further.   His undertaking will extend to whatever is comprehended within the scope and limits of his engagement, but to nothing more.   If a person engage as surety to several individuals, the engagement must be understood to be to all of them collectively and jointly ; and if any of them die or cease to act, it will not be available in respect to transactions afterward by the survivors or the persons acting.   (Blair v. Perpetual Ins. Co., 10 Mo. 559 ; Weston v. Barton, 4 Taun. 673.)   The sureties in the present case may have been very willing to be bound for Mrs. E. Watts and Boon jointly, and utterly averse to assuming any liability for Boon separately.   And when the attempt is made to make them responsible for the sole acts of Boon, they have a right to stand upon the terms of their contract, and say that they entered into no such agreement.

My conclusion, from the whole case, is that the sureties are not liable ; that the judgment of the court below was right, and ought to be affirmed.   The other judges concur.