BENNETT GANNETT *et al.*, Appellants, *v.* JEANNETTE LEONARD, Respondent.

1. *Administrator — Bond — Act of January 12, 1869, not void because it failed to require bond, etc.* — The act of January 28, 1859, amendatory of that of February 9, 1857, authorizing William C. Boon, as administrator, to sell the estate of Watts, deceased, for the benefit of his heirs, did not require him to give a new bond; nor was it void because it failed to require his bond; nor was his authority to sell under the act unwarranted because it failed to show that the heirs were minors. It was not necessary that the act should show their disability. If the persons whose property was sold were in fact minors at the time of the sale, that fact made the authority complete.

*Appeal from Fourth District Court.*

*Napton*, for appellants.

*W. Adams*, with *Prewitt & Hall*, for respondent.

BLISS, Judge, delivered the opinion of the court.

This is an action of ejectment brought by appellants, as heirs of Benjamin Watts, deceased, for the recovery of land sold by Wm. C. Boon, under authority of a special act. Boon failed to account for the proceeds of the sale, and his sureties were sought to be charged in The State, to the use of Watts, etc., v. Boon, reported in 44 Mo. 254. The facts being there recited, it is unnecessary to recapitulate them, and we have only now to inquire whether Boon so complied with the requirements of the act that his sale and conveyance passed the title.

The plaintiff insists that it was his duty, under the act, to give bond, and, having failed to do so, that the sale was invalid. In the case referred to the opinion is expressed that the last act, the one under which Boon acted, did not require a bond, but, inasmuch as the plaintiffs insist that that question was not necessarily involved in the case, we will treat it as though it were a new one.

The original act of February 9, 1857, authorized Mrs. Watts and Mr. Boon to sell the property, and among other provisions required them to give bond; but the act of January 28, 1859, is silent upon the subject, unless the requirement is implied in the reference to the former act. The language of the last act is as follows: "William C. Boon, administrator of the estate of B. Watts, deceased, is hereby authorized and empowered to make all sales and conveyances of the real estate of B. Watts, deceased, under and by virtue of the act to which this is an amendment, as fully as the said William C. Boon, as administrator, and Evalina Watts, as administratrix, could have done under said act before the letters of administration of E. Watts were revoked by her marriage; and all sales of real estate made by W. C. Boon as administrator since the marriage of said E. Watts, in accordance with the act aforesaid, and approved by the County Court of Howard county, shall be as valid and binding as if made by said Boon and E. Watts before the marriage of said Evalina, by which her letters of administration were revoked." No one can read this act and suppose for a moment that it contemplated a new bond. The draughtsman evidently

supposed that Mrs. Watts and Mr. Boon were acting as administrators, that the original act authorized them as such to sell, that she had become disqualified under the statute by marriage, and that new authority became necessary to enable him to proceed alone. The act makes no allusion to any necessity to qualify before he could act, but simply authorizes him to sell and convey " under and by virtue of the provisions of the act to which this is amendatory," as fully as both could have done. The former act pointed out the manner of sale, and the bond which it required had been given, and this act was only intended to enable Boon to complete the business. So far as the bond was concerned, the first act had been executed before the passage of the amendatory act; and a re-compliance with that provision, if intended to be required, should have been plainly indicated. It is not only barren of such indication, but the latter part of the act, legalizing sales already made by him alone, in accordance with the former act, when no new bond had been given, show that no such bond was in contemplation.

It may be that if the statute, either directly or by implication, required a bond, even the payment of a full consideration would not protect the purchaser if no such bond were given; he might be required to see that the trustee had qualified according to law, and the able argument of the plaintiffs' counsel goes to establish that proposition. But finding as we do that no bond was required, it is unnecessary to consider the subject.

The authority to sell under either of the acts is contested upon the ground that they do not show that the heirs of Watts were minors or otherwise disqualified to act for themselves. We must necessarily assume that the Legislature has no power to authorize one citizen to sell the property of another who is competent to act for himself. It is only as the guardian of persons under disability that the State may authorize the disposition of their property, but it does not necessarily follow that the legislative act giving the authority must show the disability. If the act had described these persons as minors, when in fact they were of full age, it is not probable that it would confer any authority. The right—the authority of the State—depends upon the relation

of the parties to the State, and not upon what the Legislature may say about it. The record shows that the persons whose property was sold were in fact minors at the time of the sale, and that fact makes the authority complete.

Nor are we at liberty to say that the act was void because no bond was required of the trustee. It certainly was improvident legislation, and shows very bad guardianship on the part of the State. But this objection to the validity of the act confounds a negligent exercise of power with its total absence. It is because of the sacrifice of the interests of persons under disability that has sometimes followed such legislation, that it is totally prohibited by the present constitution. (Art. IV, § 27.) But in the absence of such prohibition the power is acknowledged (Stewart v. Griffith, 33 Mo. 13; Cooley on Const. Lim. 97 *et seq.*), and I have not known a case where the legality of its exercise is made to depend upon the precautions adopted to secure to the beneficiary the proceeds of the sale. The power must be executed according to the statute; but the statute furnishes the rule by which we must judge of the legality of the transaction; and the dishonesty or subsequent misfortunes of the trustee, from which his beneficiaries suffer, should not be visited upon innocent purchasers when the statute has been followed.

The judgment is affirmed. Judge Currier concurs; Judge Wagner absent.