JOHN HINDMAN *et al.*, Plaintiffs in Error, *v.* JAMES H. PIPER *et al.*, Defendants in Error.

1. *Trusts and trustees — Appointment by Legislature — Constitution — Ministerial and judicial appointments.* — Where the original trustee in a deed of trust died, and the Circuit Court of the county was suspended by the Legislature, so that the vacancy could not be supplied by judicial decree, a trustee might, under the old constitution, be appointed by act of the Legislature to

carry out the provisions of the trust. Such act was not a retrospective law. Nor was it a legislative judgment or a means of depriving the owner of the land of his property without due process of law.

The general power of the Legislature, independent of the present constitution (art. IV, § 27), to appoint trustees to execute trusts, cannot be controverted. They are usually appointed by courts upon judicial inquiry. But where, as in the above case, the act was purely ministerial and *ex parte*, the Legislature was (prior to the date of the new constitution) vested with full power to make the appointment. But *contra*, where, in case of a person *sui juris*, the act created the trustee and gave in the first instance the power to sell, the rule is different. The enactment, in that state of facts, would clearly transcend the legislative power.

*Error to Kansas City Court of Common Pleas.*

*J. K. Sheley*, for plaintiffs in error.

*Adams & Son*, for plaintiffs in error.

The appointment was not the exercise of judicial power. There was nothing to adjudicate. It was not a retrospective act, and did not impair the obligations of any contract. It was simply the exercise of an administrative power or an ordinary legislative function, carrying out the purposes of all the parties to this deed of trust. (See Stewart v. Griffin, 33 Mo. 13; Gannet v. Leonard, 47 Mo. 205.) The principles of these cases are directly in point with the case at bar. (See also Cooley's Const. Lim. 97–106; Rice v. Parkman, 16 Mass. 326; Cochran v. Van Surlay, 20 Wend. 373; 15 Wend. 436; 24 How. 427; 12 Ala. 369; 16 Ohio, 251; 2 Pet. 660; 16 Pet. 25–60; 8 Blackf. 10; Thurston v. Thurston, 6 R. I. 296; Williamson v. Williamson, 3 S. & M. 715; 29 Miss. 146; 30 Miss. 246; 14 Serg. & R. 434; 2 Greenl. Ch. 20; 11 Gill & J. 87; 2 Penn. St. 277; Walker, 258; 7 Metc. 388; 14 N. Y. 423.)

*Karnes & Ess* and *L. C. Slavens*, for defendants in error.

BLISS, Judge, delivered the opinion of the court.

This was an action for the possession of real estate. It appeared that in 1860 one Scott Coffman, being the owner of the premises, made a deed of trust of the same to one David Hindman to secure a debt due one Adams, and afterward conveyed the same

land absolutely to said Hindman, who died intestate in 1862, leaving the plaintiffs his heirs, the secured note having in the meantime passed into the hands of the defendants. In 1863 (Sess. Acts 1863, p. 161) the Legislature suspended the sessions of the Circuit Court in Jackson county, and in December of that year (Sess. Acts 1863–4, p. 585) an act was passed for the relief of James H. Piper and George C. Bingham, which recited the execution of the deed of trust and the transfer of the note secured by it, the death of the trustee, the fact that the general law authorizing Circuit Courts to fill vacancies which might take place, by death or otherwise, in the office of trustee was of no effect in the county of Jackson by reason of the special act first above referred to, and enacted that the sheriff of Jackson county be created a trustee in the place of said David Hindman, deceased, to execute and carry into effect the provisions of said deed of trust, in form, manner, and every respect, as if appointed by the Circuit Court in pursuance of existing law. Coffman still failing to satisfy the note upon demand of its owners, John H. Hayden, then the sheriff of Jackson county, proceeded to sell the land under the trust deed, which was bid in by the holders of the note, the present defendants, and he executed a deed in regular form.

Upon the trial the court, at plaintiff's instance, made a declaration of law that the last mentioned act of the general assembly was unconstitutional and void, because, 1st, it was retrospective; 2d, the act was judicial; and, 3d, it deprived the plaintiff of property without due process of law.

Defendants asked a counter-declaration, also others not necessary to be considered, which were refused, and judgment was given for the plaintiff.

1. The constitution forbids retrospective laws, and if this act is subject to that objection it was void. Retrospective acts are usually passed to legalize some past proceeding or act which would not be legal without them, as a defective conveyance or judicial proceeding. How the appointment of an officer to do what the party has already authorized some one to do, can be called retrospective I am unable to see.

2. Neither was the act judicial. The old constitution, as well

as the present, separated the judicial from the legislative function, and the legislative judgment would be unconstitutional. (The State *ex rel.* Pittman v. Adams, 44 Mo. 570.) But the appointment, merely, of a trustee, the trust being already created, is not a judicial act. The trust was created by the party under whom the plaintiff claims. The appointment of the trustee does not operate as a judgment to bar any of the plaintiff's rights. If he would attack the trust, if he would claim to hold the estate divested of it, or if he would attack the sale by showing that the trustee was still alive, the appointment in no way hinders him. His rights are not attempted to be passed upon, and all he possessed before he still retained. The Circuit Court had authority when the trust deed was executed, in the contingency which happened, to direct the sheriff to act as trustee. This was merely an *ex parte* ministerial act, void if there was no trust in fact, or if it had been extinguished, or the contingency had not happened. The powers which the sheriff could exercise were derived from the deed, and not from any judgment of the court. The session of the court being suspended, the sovereign power of the State — the power which itself had authorized the court to direct the sheriff to act — itself gives the direction, leaving the rights of the parties as undisturbed as if it had been made by the court under the statute.

Nor is the plaintiff deprived of property without due process of law, unless all rules under trust deeds thus deprive their grantors. All the authority of the new trustee is derived from the original deed under the law as it then existed, and he has no greater than had the original trustee. The deed was a voluntary conveyance of all the rights that can be acquired under it, and any rights reserved are just as effectually reserved after as before the new designation. Such designation only furnished a remedy for a wrong; it did not invade a right.

The general power of the Legislature to appoint trustees to execute trusts cannot be controverted. They are usually appointed by courts, and upon judicial inquiry the chancellor will always supply them rather than that the trust shall lapse. Sometimes, as in the present case, the act is purely ministerial and *ex parte,*

and as the authority is derived from the law, the law-making power can do directly, unless forbidden by the fundamental law, what it can authorize a subordinate jurisdiction to do.

The most common instances of the appointment of trustees by the Legislature are when a trustee is created by special enactment, as the appointment of trustees with power to sell the property of persons *non sui juris*, as infants, insane persons, etc. This power, except when expressly prohibited by the local constitution, as now in Missouri, has seldom been denied. (See Rice v. Parkman, 16 Mass. 326; Cochran v. Van Surlay, 20 Wend. 373; Carroll v. Almsted, 16 Ohio, 251; Cooley's Const. Lim. 97, 106, and cases cited.) It has been recognized by this court in Stewart v. Griffith, 33 Mo. 13; The State, etc., v. Boon, 44 Mo. 254, and Gannet v. Leonard, 47 Mo. 205. The power would not be sustained in the disposition of the property of a person *sui juris;* and if the act under consideration created the trust and gave in the first instance the authority to sell, it would clearly be transcending legislative powers.

I find no provision of the constitution then in force that was violated by the act designating the trustee, and his action is admitted to be regular. The loss of the property was by the deed of the party then owning it, and no injustice or hardship is complained of. Without, then, considering the defendants' objections to the plaintiff's right to sue, the action of the court below was radically wrong, and its judgment will be reversed and the petition dismissed. Judge Wagner concurs. Judge Adams, having been of counsel, not sitting.