———o———

HELEN M. SHIPP, (late Helen M. Spencer) *et al.*, Plaintiffs in Error, *vs.* GEORGE A. KLINGER, Defendant in Error.

1. *Statutes—Constitutionality of—Minors declared of age.*—It is too late now to question the constitutionality of an act of the Legislature, passed prior to 1865, declaring a minor of age and legally competent to transact his own business.

### Error to St. Charles Circuit Court.

*Buckner & Kellar*, for Appellants.

I. The act, declaring this plaintiff of age, was not a legislative enactment, but a judicial decree, and therefore void. (4 N. H., 572; State vs. Fry, 4 Mo., 120; Dartmouth Col. vs. Woodward, 4 Wheat., 518; Blackw. Tax Titles 25–30; Bryson vs. Campbell, 12 Mo., 498; Bryson vs. Bryson, 17 Mo., 590; 4 West. Law J., 337; Jones vs. Perry, 10 Yerg., 59; Keith vs. Ware, 2 Ver., 174; Lyman vs. Mower, 2 Ver., 517; Kendall vs. Dodge, 3 Ver., 360; Edware vs. Pope, 3 Scam., 465; Lane vs. Dorman, 3 Scam., 238; Sedg. Const. & Stat. Law, 166–176 and cases cited.)

*Theodore Bruere*, for Defendant in Error.

I. The unconstitutionality of law must plainly appear before the court can interpose. (Stephens vs. St. Louis Nat. Bank, 43 Mo., 385; State vs. Cape Girardeau & State L. R. R., 48 Mo., 468.)

II. The constitutionality of such acts has been, if not directly, yet sufficiently settled in our State in similar cases before this court. (Stewart vs. Griffith, 33 Mo., 13, and cases cited.)

Shipp, et al. v. Klinger.

III. In support of the judgment, the respondent refers to Rice vs. Parkman, 16 Mass., 326; Davison vs. Johonnot, 7 Met., 388; Sedg. Stat. and Const. Law, 142; 1 Cooley Const. Lim., 98, 100, 103; Florentine vs. Barton, 2 Wall., 210; Watkins vs. Holman, 16 Pet., 25; Patterson's Dwar., 488, 489; Clarke vs. Van Surlay, 15 Wend., 441; 20 Wend., 365; Carroll vs. Olmsted, 16 Ohio, 251; Wilkinson vs. Leland, 2 Pet., 627; Calder vs. Bull, 3 Dall., 386.

WAGNER, Judge, delivered the opinion of the court.

This was a petition in ejectment to recover the possession of a tract of land lying in St. Charles county, and the only question presented for our consideration involves the constitutionality of an act of the legislature.

By the record it is shown, that the land in controversy belonged to the plaintiff, and that in 1864, when she was in her eighteenth year, an act of the legislature was passed declaring her of lawful age and legally competent to transact her own business. (Acts 1864, p. 392.) In accordance with this act she sold and conveyed the land to the defendant. It is now insisted, that the act was unconstitutional and void, and that it was not an exercise of legislative power, and that the deed made in pursuance of it passed no title.

Whatever might be our opinion in regard to the policy or even validity of such acts under different circumstances, we are constrained at the present day to hold them good. An examination of the session acts will show, that from an early period in our State's history acts of this description were passed at almost every session, that their legality was never challenged, and that they were constantly acted upon.

It would be entirely safe to say, that millions of dollars have been invested upon the strength of these titles, and for the courts at this day to declare the acts, and the titles made in pursuance of them, void, would be a hazardous undertaking, and would unsettle property rights to an alarming extent.

We must therefore decline to go into the question, or consider it open to discussion. The Constitution of 1865 very wisely prohibited in express terms the special enactment of

such laws, and the abuses, which were practiced under the former constitution in this respect, cannot again occur. But passed titles which were made and received, when the acts giving them validity were universally acquiesced in, cannot now be disturbed.

The court below decided for the defendant, and its judgment must be affirmed.

The other judges concur.