Cargile, et al., v. Fernald.

CHAS. CARGILE, *et al.*, Plaintiffs in Error, *vs.* ALMOND FERNALD, Defendant in Error.

1. *Legislature—Act authorizing administrator to sell lands.*—Prior to the constitution of 1865, where, during the life time of decedent, judgment· had been obtained and execution had issued under foreclosure of mortgage on his lands, the legislature had power to pass an act authorizing his administrator to sell the lands for the purpose of satisfying the debt.

*Error to Jackson County Circuit Court.*

*Gage & Ladd*, for Appellant.

I. The act of the legislature was unconstitutional and void. At its date plaintiffs were owners of the property in controversy, subject to existing liens and the claims of creditors, to be enforced according to law. It purports. to authorize a sale, not in execution of any trust or power created by Augustus Cargile— for he created none—not with the consent of plaintiffs, and not by the process of law, for it, in direct terms, supplants the legal process. It both creates the power to sell, and appoints the agent. Hence, the case of Piper vs. Hindman (50 Mo. 292), is against rather than for appellants.

Had the sale been made by the marshal, plaintiffs would have been protected by the law regulating such sales, by the guaranty of the marshal's official bond, and by the power of the court to supervise its own process and set aside any sale prejudicial to the interests of the heirs ; had the sale been made by the administrator, as such, it would have been subject in all particulars to similar safeguards. But under the act it was an entirely irresponsible proceeding, governed by no law, guaranteed by no bond.

*Chrisman, with Brown & Case*, for Defendant in Error, cited: Stewart vs. Griffith, 33 Mo. 13, and cases cited ; Gannett vs. Leonard, 47 Mo. 205 ; Hindman vs. Piper, 50 Mo. 292 ; Watkins vs. Holman, 14 Curtis [U. S.], 175, or 16 Pet. 25 ; Shipp vs. Klinger, 54 Mo. 239 ; Thomas vs. Pullis, 56 Mo. 211 ; Kibby vs. Chitwood's Adm'r, 4 Mon. 91 ; Shehan's heirs vs. Barnett's heirs, 6 Mon. 594 ; Davison vs. Johnson, 7 Met. [N. H.], 388, (overruling 4 N. H. 572–4) ; Kneass' Appeal, 31 ; Penn. State Rep. 87 ; Rice vs. Parkman, 16 Mass. 326.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment instituted by plaintiffs, who are heirs at law of Augustus Cargile, deceased, to recover of the defendant certain real estate which belonged to said decedent in his life time.

The trial was had upon an agreed statement of facts, signed by both parties and filed in the cause, which is as follows : " It is agreed by the parties in said suit that Augustus Cargile in his life time, who is now deceased, was the owner of the real estate in controversy ; that he died intestate, and that plaintiffs are his heirs at law ; that said Augustus Cargile in his life time executed a mortgage upon the real estate in controversy, to secure a debt due to Burton A. James, and that said James instituted suit to foreclose said mortgage in the Kansas City court of common pleas against said Augustus Cargile in his life time, in which suit judgment of foreclosure was rendered against his estate, after his death, and said land was ordered by said court to be sold to pay said debt. It is further agreed that under and pursuant to the provisions of an act of the General Assembly of the State of Missouri, entitled 'An act to authorize Philip S. Brown of Jackson county, in this State, to sell certain real estate belonging to the estate of Augustus Cargile, deceased, approved February 14, 1864,' (which act is before the court as evidence in this case). Philip S. Brown, who was the administrator *de bonis non* of the estate of said Augustus Cargile, deceased, sold the real estate in controversy in accordance with the provisions of said act, and at which sale the defendant, Fernald, became the purchaser, and that said Brown, pursuant to the provisions of said act, executed to said Fernald a deed for said real estate under which he claims title to the real estate in controversy ; and it is thereupon agreed that the only question for examination and decision in this case by the court is, whether the said act of the legislature is constitutional or not, (and the question whether said mortgage is satisfied or not is not to be considered.) If the court shall determine said act to be constitutional in its provisions, then judgment shall

20—VOL. LXIII.

be rendered for the defendants in this action; but if the court shall determine said act to be unconstitutional in its provisions, then judgment shall be rendered for the plaintiffs."

The act of the General Assembly referred to in'the agreed statement, and which was in evidence in the case, will be found in the adjourned session acts of 1863–4, p. 126. The first section of the act declares that it shall be lawful for Philip S. Brown, administrator *de bonis non* of the estate of Augustus Cargile, deceased, of Jackson county in this State, to offer for sale, at public auction, at the court house door in the City of Kansas, the real estate which said Augustus Cargile, deceased, in his life time mortgaged to Burton A. James, on which mortgage said James obtained a judgment of foreclosure against the said estate of Augustus Cargile, deceased, at the November term of the Kansas City Court of Common Pleas, A. D. 1862, on which an execution has been issued,. and is now in the hands of the marshal of Kaw township in Jackson county, for the sale of said real estate. The second section says, the administrator *de bonis non* shall advertise said property at least twenty days before the day of sale, by inserting a notice of the terms and time of sale in some newspaper in the City of Kansas; and by the third section it is provided, that said administrator *de bonis non* shall deliver to the purchaser or purchasers of said real estate, on payment of the purchase money, a deed acknowledged before the judge of the probate court of Jackson county, Missouri, which shall be as valid and binding as if said real estate had been sold by the marshal of Kaw township in said county.

The court held the above act of the legislature to be constitutional and rendered judgment for the defendant. When the act recited was passed, there was nothing in the constitution of this State prohibiting the legislature from exercising the power of passing such acts.

The question here presented has frequently been before this court, and in each instance the legislative power has been upheld. (Stewart vs. Griffith, 33 Mo. 13; State vs. Boon, 44 Mo. 254; Gannett vs. Leonard, 47 Mo. 205; Shipp vs. Klinger, 54 Mo.

238 ; Hindman vs. Piper, 50 Mo. 292 ; Thomas vs. Pullis, 56 Mo. 211.)

In this last case the most of the prior cases in this court were noticed by Judge Napton, who delivered the opinion of the court, and he said that the power of the legislature to authorize some one, guardian, administrator, or any one else named in the act, to pass the title of an infant, seems to be settled, not only by the decisions of this court, but by the decisions of the courts of other States. The same principle generally underlies all the legislative acts authorizing these sales by legislative enactments, and they have been pronounced valid by the Supreme Court of the United States, and by the courts of the several States in which the question has come up for adjudication. A different view was at one time arrived at in New Hampshire, but the case in which it was taken was afterwards overruled.

The subject is perhaps as well expressed in the Kentucky court of appeals as anywhere. In Kirby vs. Chitwood's Adm'r (4 Mon. 91), Ch. J. Bibb said : " As the estate of Chitwood, therefore, was subject to his debts in the hands of his heirs, and might by a mode already pointed out by law, have been taken from them, we conceive that it was competent for the legislature to change that mode, and to direct the administrator, instead of the sheriff, to expose and convey the estate to the purchaser and apply the proceeds in discharge of the debts." This case was expressly affirmed in Shehan vs. Barnett ( 6 Mon. 592 ), and it was declared that " the power of the legislature to subject lands to debts has never been questioned, and has been sanctioned by every department of government. The estate is taken into the hands of the execution officers, sold and conveyed, and the debtor is stripped of his title without his express assent at the moment, and not only the adult contracting debtor is thus reached, but the estate is pursued in the hands of the infant heir, to whom it has descended, and it is applied by the sheriff to the payment of the debts of the ancestor. If this can be done by the sheriff, we perceive no good reason why an administrator or commissioner may not be substituted for the sheriff, nor why the *modus operandi* may not be changed while the rights of all the parties are preserved inviolate.

The estate in this case was liable and pledged by the law to the creditors. It might have been reached by other modes of proceeding more costly to the parties, and more dilatory but not more safe. We, therefore, believe it competent for the legislature to apply this special remedy."

In the present case the land was liable to be sold to satisfy the judgment. Had it been sold by the marshal, the executive officer of the court, no question could have been raised about the validity of the sale. Can it make any difference then, that the administrator was selected to carry out the purpose of the law and execute the judgment, instead of the marshal ? We think not. The same object is accomplished but through the means of a different instrumentality. It is now too late in this State to impute invalidity to laws of this description. They have been acquiesced in too long, and too many titles have been acquired by their means to now bring them in question.

We think the court decided correctly, and its judgment will be affirmed. The other judges concur, except Judge Hough, who did not sit.