DICKENS *et al., Appellants,* v. CARR.

1. **Constitution:** ACT DECLARING A MINOR OF FULL AGE. The constitutionality of a special act of the general assembly passed, while the constitution of 1820 was in force, declaring a minor to be of full age for the purpose of contracting and being contracted with, having been affirmed by repeated decisions of the Supreme Court, is no longer an open question in this state.

2. ——. While such legislation was valid under the constitution of 1820, it is prohibited by the present one.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*P. E. Bland* and *A. McElhinney* for appellants.

(1) The act is unconstitutional. It is an interference with the judicial department of the government of the state. *Lincoln v. Alexander,* 52 Cal. 482. (2) It was not a law. It spent its force on a single object, was not permanent, uniform and universal. *State v. Fry,* 4 Mo. 120; Cocke on Civil Government, sec. 142; Cooley on Cons.

Lim. (3 Ed.) pp. 79 and 391; *Ervine's Appeal*, 16 Pa.
St. 266. (3) The act was retrospective in its operation,
interfered with vested rights and was, therefore, uncon-
stitutional. *Stewart v. Griffith*, 33 Mo. 13. (4) So far
as the appellant was concerned the act was worse than a
bill of attainder. She never petitioned for the passage
of such an act. No person petitioned for her. It was
done without summons or notice to her. It was done
without her consent or knowledge, at the instigation of
parties interested against her, in the sum of five hundred
and fifty dollars each as the evidence shows. These
things alone will invalidate the act. Cooley on Con.
Lim; *Lincoln v. Alexander*, 52 Cal. 482; *Ervine's
Appeal*, 16 Pa. St. 268. (5) The estate in remainder
created in the heirs was a contingent one. *DeLassus v.
Gatewood*, 71 Mo. 371.

*M. F. Taylor* for respondent.

(1) The will created a vested estate in remainder
in the heirs. 4 Kent Com. 203, 206; 2 Wash. Real Prop.
(2 Ed.) 228; 16 Cruise's Dig. chap. 1, § 86, note; *Loreet
v. Chase*, 2 N. Y. 73; *Reves v. Frizzle*, 8 Ired. Eq. 237;
*Lantz v. Trusler*, 37 Pa. 482; *Converse v. Kellogg*, 7
Barb. 590; *Thompson v. Ludington*, 104 Mass. 193;
*Olney v. Hull*, 21 Pick. 311; *Jones v. Waters*, 17 Mo.
509; *Aubuchon v. Bender*, 44 Mo. 560; *Smison v.
Whittelsey*, 55 Mo. 254; *DeLassus v. Gatewood*, 71 Mo.
372. (2) The power of the legislature to pass the act
in question is no longer an open question in this state.
*Stewart v. Griffith*, 33 Mo. 13; *Gannett v. Leonard*, 47
Mo. 205; *Shipp v. Klinger*, 54 Mo. 238; *Thomas v.
Pullis*, 56 Mo. 211.

NORTON, J.—This is a suit by ejectment, on the trial
of which in the circuit court of St. Louis county, de-
fendant had judgment from which plaintiffs appealed to
the St. Louis court of appeals, where the judgment of the
circuit court was affirmed, from which plaintiffs have
appealed to this court. It appears from the record that

the plaintiff, Barbara E. Dickens, formerly Barbara E. Steel, in 1857 executed a deed conveying her interest to one McDonough in the real estate for the recovery of which she now sues defendant, who claims under said deed by various *mesne* conveyances. At the time said deed was executed plaintiff was between fifteen and sixteen years of age, she having previous to its execution been declared to be of "full age" for the purpose of contracting and being contracted with, by a special act of the legislature.

It is contended on the part of plaintiffs' counsel, in an argument characterized for its learning, research and plausibility, that the act of the legislature is unconstitutional and void, and that the deed executed by plaintiff in virtue of it is likewise void. The question, however, so ably argued by counsel is not an open one in this state, and in view of the decisions of this court in the cases of *Stewart v. Griffith*, 33 Mo. 13; *Gannett et al. v. Leonard*, 47 Mo. 205; *Shipp et al v. Klinger*, 54 Mo. 238, affirming the validity of such acts as the one here drawn in dispute, we must decline to re-open and re-agitate it for the reason given in the case of *Shipp et al. v. Klinger*, *supra*, where the court in declining to go into the question or to consider it open to further discussion, observed "that an examination of the session acts will show, that from an early period, in our state's history acts of this description were passed at almost every session, that their legality was never challenged, and that they were constantly acted upon. It would be entirely safe to say, that millions of dollars have been invested upon the strength of these titles, and for the courts at this day to declare the acts, and the titles made in pursuance of them, void, would be a hazardous undertaking and would unsettle property rights to an alarming extent."

While under the constitution of 1820 such legislation was valid the present constitution wisely, we think, condemns and forbids such legislation.

Judgment affirmed, in which all concur.