────────o────────

THOS. N. COCHRANE, *et al.*, Plaintiffs in Error, *vs.* WM. H. STEWART, *et al.*, Defendants in Error.

1. *Bond, construction of—Debt of former firm—Intent of obligors in reference to—Liability of sureties.*—C. having purchased the interest of A. in the firm of A. & B., agents for the sale of a certain patent, B. and C. made a contract with the old firm to pay all the obligations incurred by them in the sales. Subsequently B. and C. gave their obligation, binding themselves to pay all the debts and liabilities, existing or to be incurred on the part of "B. and C." to the manufacturers. This bond referred in terms to, and was endorsed upon, an agreement, also subsequent to the above contract, which agreement having set out that B. and C. were the general agents for the manufacturer, and the terms and arrangements under which they were to sell, provided for their payment of all debts "which may be created or incurred on their part," etc., to the principal; but no reference was made in the bond or the agreement to the former contract or firm. *Held,* that for notes given by the firm of A. and B. to the manufacturers, the latter could not recover against the sureties on the bond of B. and C.

Cochrane, et al. v. Stewart, et al.

*Error to Jackson County Circuit Court.*

*Ermine Case,* for Plaintiffs in Error.

The words of the obligations, include " every indebtedness" of Stewart & Hartt, (in that particular business) to plaintiffs. The doctrine of *ejusdem generis* does not limit the full meaning of such phrase as above, when the debts are of one special class. (City of St. Louis vs. Laughlin, 49 Mo. 559 ; Littlefield vs. Winslow, 19 Me. 394 ; Foster vs. Blount, 18 Ala. 689 ; Grumley vs. Webb, 44 Mo. 458.)

*Pratt, Brumback & Ferrey,* for Plaintiffs in Error, cited in argument : Blair vs. Perpetual Ins. Co., 10 Mo. 566 ; 2 Pars. Cont. [5 ed.] ch. 1, p. 499, § 3, and note and cases cited as to construction of contracts ; Schulenburg vs. Magwire, 42 Mo. 391 ; Grumley vs. Webb, 44 Mo. 444, 456, 457 ; St. Louis vs. Laughlin, 49 Mo. 559 ; 2 Pars. Contr. [5 ed.] p. 502, and note and cases cited ; Lacke vs. McVeam, 3 Cent. Law Jour. 609 ; Rogers vs. Gosnell, 51 Mo. 466 ; S. C., 58 Mo. 589, and cases cited ; Manney vs. Frazier's Adm'r, 27 Mo. 419 ; Page vs. Becker, 31 Mo. 468 ; Whelan vs. Whelan, 3 Cow. 578, and cases cited ; Burress vs. Blair, 61 Mo. 133 ; Koehring vs. Muemminghoff, 61 Mo. 407 ; Ins. Co. vs. Seminary, 52 Mo. 480–91 ; Cathcart vs. Foulke, 13 Mo. 567, 568 ; Clarkson vs. Morrison's Adm'r, 24 Mo. 138.

NAPTON, Judge, delivered the opinion of the court.

This suit was upon a bond executed by Stewart & Hartt, as principals, and George W. Ten and William T. Little, as securities. to the plaintiffs, Cochran and Brown. The bond is dated April 5, 1871.

The condition of the obligation is, that if Stewart & Hartt " shall well and truly keep and perform in all respects, according to its true intent and meaning, their part of the agreement on which this obligation is indorsed, executed between themselves and said Cochran and Brown, dated the 14th day of March, 1871, and shall well and truly pay, or cause to be paid, any and every

indebtedness and liability now existing, or which may hereafter in any manner exist, or be incurred, on the part of said Stewart & Hartt to the said Cochran & Brown, whether said indebtedness or liability shall exist in the shape of notes, book accounts, renewals, or extension of notes or accounts, or acceptances, or indorsements or otherwise, etc., then this obligation to be void, but otherwise to remain in full force and effect."

The bond is signed by Stewart and Hartt and Ten and Little.

The agreement of March 14, 1871, between Cochran & Brown and Stewart & Hartt, referred to in this obligation, sets out that Cochran & Brown, of St. Louis, are general agents of the Howe sewing machine, and have granted to Stewart & Hartt the right to sell in a certain territory, comprising the counties of Jackson, Cass, etc., in Missouri, and some counties in Kansas, named, and proceeds to state the terms on which this arrangement is based, as to prices, etc., which have no bearing on the question raised ; and provides " that the said Stewart & Hartt shall well and truly pay, or cause to be paid, without any relief from valuation or appraisement law, any and every indebtedness or liability which may be created or incurred on their part to the said Cochran & Brown by reason of the premises above named, whether such indebtedness or liability shall exist in the shape of book accounts, notes, renewals, or extensions of notes or accounts, acceptances, indorsements or otherwise, together with attorneys' fees, etc."

Previous to this, on March 9, 1871, Stewart & Hartt had entered into the following obligation :

"Kansas City, Mo., March 9, 1871.

We, the undersigned, hereby agree to meet all obligations of Stewart & Humphrey, accrued by them during the partnership in the sale of the Howe sewing machine, up to this date, including shipments of machines from Omaha, Nebr.—shipments dated as follows : March 3, March 4, March 6, 1871.

WILL. H. STEWART,
PHILLIP HARTT."

It seems that Humphrey had sold out to Hartt, and the new firm of Stewart & Hartt had agreed to liquidate the debts of the old firm. This contract was made with Humphrey.

The notes sued on in the case were given by Stewart and Humphrey to plaintiffs, for goods subsequently transferred to Stewart and Hartt, and the only question in the case is, whether the obligors, two of whom were securities on the bond of April 5, are responsible for the notes of the firm of Stewart and Humphreys—whether this was an indebtedness on the part of Stewart and Hartt, within the meaning of the obligation of April 5, 1871.

The obligation of April 5, is that Stewart & Hartt shall pay " any and every indebtedness and liability now existing, or which, in any manner may hereafter exist or be incurred on the part of said Stewart and Hartt to the said Cochran and Brown."

And the agreement of March 14, 1871 is, that said Stewart & Hartt " shall well and truly pay any and every indebtedness which may be created or incurred on their part to Cochran and Brown."

The only ground upon which this claim could be based is, that Stewart and Hartt had by their agreement of March 9, 1871, agreed to pay the debts of Stewart and Humphrey. Obligations reduced to writing are to be construed according to their obvious meaning, and obligors, especially when mere securities, are not to be held bound by any forced constructions. The obvious meaning of the bond of Stewart and Hartt is to give security to pay their debts to Cochran and Brown, whether then existing or subsequently contracted. If the object had been to obligate Stewart and Hartt and their securities to pay the debts of a previous firm, there would have been no difficulty in so stating it. But no reference is made to the contract of Stewart and Hartt to pay the debts of Stewart and Humphrey's. It may be, that such debts had been previously secured.

The maxim frequently quoted in questions of construction —*sensus verborum ex causa dicendi accipiendus est, et secundum subjectam materiam*—appears quite applicable in this case. Nothing is said in either the agreement of April 5, or in that of March 14th, concerning the debts of Stewart and Humphreys to Cochran and Brown. Their debts were considerable, amounting as it appears, from this suit, to several thousands of dollars. How could the securities in this agreement of

April and March, the former being indorsed on the latter, be apprised that they were securing not merely the debts present and future of Stewart & Hartt, but the past liabilities of Stewart and Humphreys ? If such had been the intention, it was easy to make it perfectly plain. It was not any unimportant or inconsiderable matter likely to be overlooked. The subject matter of both these agreements is obviously, on their face, the debts of Stewart and Hartt—not the debts of any preceding firm—and it would seem to operate as a surprise on the securities to give the words " liabilities of Stewart and Hartt to Cochran and Brown " a construction which would embrace the liabilities of Stewart and Hartt to Stewart and Humphreys, to pay off the indebtedness of the latter to Cochran and Brown.

The plaintiffs propose, in this case, to make the undertaking of Stewart & Hartt to pay off the debts of Stewart & Humphreys, made by the former to the latter, on the 9th March, an indebtedness or liability of Stewart and Hartt to Cochran and Brown, to whom these debts of Stewart & Humphreys were ·due. The contract of March 9th is not referred to in any way in this contract of the 14th March, or in that of the 5th of April, unless we are to understand that the indebtedness of Stewart & Hartt to Cochran and Brown at those dates, included the indebtedness of a previous firm, who had sold out to Stewart and Hartt, and to whom Stewart and Hartt had given an obligation that those debts should be discharged. But the language of those papers of the 14th of March and 5th of April was not naturally adapted to call the attention of the parties to them to any consideration of the debts of Stewart and Humphreys. The subject matter was the debts of Stewart and Hartt, and it would be a forced construction to make these debts include the debts of a prior firm, merely because they had agreed with that firm to pay them. The rights of securities being involved, we are not at liberty, upon well settled rules of construction, to extend the plain and obvious meaning of the two instruments.

Judgment affirmed. The other judges concur.