THE STATE OF MISSOURI *ex rel.* GEORGE L. SPANGLER, Defendant in Error, v. MARY A. IMMER *et al.*, Plaintiffs in Error.

**Kansas City Court of Appeals, January 30, 1893.**

**Principal and Surety:** ATTACHMENT BOND: JUDGMENT AND GARNISH-MENT ON FORTHCOMING BOND. A defendant in attachment gave a forthcoming bond, which, after judgment and execution unsatisfied in the attachment proceeding, was assigned to attaching plaintiff who had judgment thereon, and took out execution and summoned S. as garnishee. S. won on the garnishment proceeding and recovered his attorney's fees and costs. To collect this judgment he commenced suit on the original attachment bond. *Held,* the action was maintainable.

*Appeal from the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*A. Haynie,* for plaintiffs in error.

(1) When the liability of sureties is involved, courts will not extend the construction of an instrument beyond its plain and obvious meaning. *Cochrane v. Stewart,* 63 Mo. 424; *Nofsinger v. Hartnett,* 84 Mo. 549; *Bauer, Ex'r, v. Cabanne,* 105 Mo. 110; *Mfg. Co. v. Hibbs,* 21 Mo. App. 574. (2) The surety's obligation cannot be extended to other subjects, persons or peri-

ods of time than those expressly included in his contract. *Nofsinger v. Hartnett, supra; Bauer, Ex'r, v. Cabanne, supra; Fisse v. Einstein,* 5 Mo. App. 78.

*W. E. Owen,* for defendant in error.

Plaintiffs in error first contend that the demurrer ought to have been sustained, because the attachment bond does not provide relief for damages that may result from a judgment upon a forthcoming bond. That it is not so nominated in the bond, and, therefore, the law cannot award such damages; that it is a statutory bond, and cannot be enlarged by liberal intendment. This may be conceded. And, admitting further, for the moment, that the suit is brought to collect damages resulting from a judgment on a forthcoming bond, we think such damages can be collected by suit on the original attachment bond. Eliminating from the "condition" all words and phrases not germane to this issue we have, "and pay all damages and costs that may accrue to any garnishee by reason of (the attachment) any process or proceeding in the suit." Is not the judgment upon the forthcoming bond a process and proceeding in the suit—the attachment suit? Clearly so; for the statutes provide for taking judgment upon forthcoming bonds in case of default by simple motion filed, not in a new suit, but in the original attachment suit. And how, then, can it but be a "process or proceeding in that suit?" The words are not "judgment upon the attachment," but "any judgment or process thereon." The word "thereon" in the position and sense here used reveals an evident legislative intent to make the condition of the attachment bond broad enough to cover any possible damage that may accrue to any defendant or garnishee by reason of

any proceedings in the suit authorized by law. Such was, no doubt, the intention. Such is justice and right.

SMITH, P. J.—This is a suit on an attachment bond, wherein the relator had judgment and defendants have brought the case here by writ of error. It appears from the record before us, that•the defendant in the attachment suit, after the seizure of his property by the sheriff under the writ, executed a forthcoming bond with sureties thereon, as provided in section 644, Revised Statutes. Plaintiff had judgment in the attachment suit and caused execution to be issued thereon, which was returned unsatisfied. The court thereupon directed the sheriff to assign the forthcoming bond to plaintiff, which was accordingly done, and, upon motion of the plaintiff in the attachment, judgment was rendered against the defendant and his sureties on the said forthcoming bond. Revised Statutes, sec. 574. Execution was issued on this last-named judgment, and the relator was summoned as garnishee thereon. Upon the issues made in the garnishment proceedings, the garnishee prevailed with costs, consisting of an attorney's fee, clerk and sheriff costs; the two last items were assigned to the garnishee, and to recover which this suit was instituted against the plaintiff and her sureties on the attachment bond.

The only question in the case is, whether the plaintiff and her sureties are liable on the attachment bond for the costs which were adjudged in favor of relator in the trial of the garnishment issues. This must be determined by reference to the terms of the attachment bond, which are that, "if the said plaintiff shall prosecute her action without delay and with effect; refund all sums of money that may be adjudged to be

refunded to defendant, or found to have been received by the plaintiff and not justly due to her; and pay all damages and costs that may accrue to any defendant or garnishee, by reason of the attachment or any process or proceedings in the suit, or by reason of any judgment or process thereon, then this obligation to be void; otherwise to remain in full force." The rule is well settled in this state, that, where the liability of sureties is involved, courts will not extend the construction of an instrument beyond its plain and obvious meaning. *Mfg. Co. v. Hibbs*, 21 Mo. App. 574; *Cochrane v. Stewart*, 63 Mo. 424; *Bauer v. Cabanne*, 105 Mo. 110. Nor to other subjects, persons or periods of time than those expressly included in the sureties' contract.

The obligation of the bond by the express terms thereof was that the obligors would "pay all damages and costs that may accrue to any  *  *  *  garnishee  *  *  *  by reason, *first*, of the attachment, or, *second*, any process or proceeding in the suit, or, *third*, by reason of any judgment or process thereon." The judgment on the forthcoming bond against the sureties thereon, under the statute, took the place of the judgment against the attached property, and the notice to the relator as garnishee on the execution issued on the judgment was a "process thereon," as much so as if it had been given on the execution on the first judgment.

Our construction is the practical one, and best accords with what seems to us to have been the intent of the lawmaker in requiring bond in attachment suits, viz., to provide indemnity to any defendant, garnishee or interpleader against damages and costs which may accrue to them by reason of the attachment, or any process or proceeding in the suit, or by reason of any

judgment or process thereon. We think the relator was a garnishee for whom indemnity was provided in the attachment bond, and, such being our conviction, the judgment will be affirmed. All concur.