THE STATE OF MISSOURI ex rel. SCHOOL DISTRICT NO. 7, Township 28, Range 30, Jasper County, Missouri, at the Instance of DEL DAVIS, a Freeholder of Said District, Respondent, v. J. M. WEEKS et al., Appellants.

Kansas City Court of Appeals, February 10, 1902.

1. **County Treasurer: BOND OF: COUNTY FUNDS: DISTRICT FUNDS.** The statute makes the county treasurer the treasurer of all moneys for school purposes belonging to the different districts. The treasurer of Jasper county gave a bond for faithful performance of his duty as treasurer of the school fund of said county. *Held*, the treasurer and his sureties were not liable on such bond for the payment of a forged warrant purporting to be issued by the officer of one of the districts in said county.

2. ——: ——: ——: ——: COMMON LAW. While said bond is good as a common-law obligation, still it does not cover the default alleged.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED.

*McReynolds & Halliburton* for appellant.

(1) The school funds are divided into different classes, to-wit: (a) County school fund. Secs. 9824, 9825, 9826, 9877, R. S. 1899. (b) Township school fund. Sec. 9829, R. S. 1899. (c) District school fund. R. S. 1899, secs. 9750, 9752, 9757, 9758, 9771, 9777, 9838. (2) The bond in this case only obligates the sureties for the proper disbursement of the county school fund and not for the district school funds. The undertaking of the surety, being one *stricti juris,* he can not, either at law or equity, be bound further or otherwise than he is by the very terms of his contract. Schuster v. Weiss, 114 Mo. 168, and citations; State to use v. Bonner, 72 Mo. 387; State ex rel. v. Cook, 72 Mo. 496.

*Howard Gray* and *Fred Reed* for respondent.

(1) The bond sued on herein covers the funds belonging to the school district. State to use v. Rechtien, 7 Mo. App. 339; R. S. 1899, sec. 6767; R. S. 1899, sec. 9849; State to use v. Johnson, 55 Mo. 81; State ex rel. v. Cook, 72 Mo. 496. In the case at bar, it is shown plainly as above stated, that the bond sued on was given for the school funds. (2) Although the bond is not in the exact language of the statute, it is still good as a common-law bond. State v. Thomas, 17 Mo. 503. A bond is not invalid as a statutory bond

merely because it does not follow the exact words of the statute. Newton v. Cox, 76 Mo. 352; State to use v. Berry, 12 Mo. 376; Hoshaw v. Gullett, 53 Mo. 208; Flint v. Young, 70 Mo. 222; State to use of Fredericks, 8 Iowa 553.

BROADDUS, J.—This is a suit by school district No. 7, township 28, range 30, Jasper county, against J. W. Weeks as county treasurer, and J. E. Lang his security as such on his official bond, to recover $63.50 amount paid by said Weeks on a school warrant dated November 30, 1898. Plaintiff alleged that said warrant was a forgery. At the time said warrant was drawn and paid, H. R. Shue was president, and R. A. Stevens was clerk, of the school board of said district. R. H. Shue as president of the board had, previous to the date mentioned, recorded his signature with the county treasurer in a book kept for that purpose as required by the statute.

The warrant in question was sold to the Central National Bank, presented to the defendant Weeks and paid by him. It is conceded that Stevens, the clerk, never signed the warrant, and Shue the president of the board testified that he never signed it. There was evidence tending to show that the signature of Shue was genuine.

The bond in suit and the warrant were both introduced in evidence. The defendants objected to the introduction of the bond on the ground that by its terms it did not include the fund on which said warrant was drawn. The condition of the bond is as follows: "The condition of the above bond is such, however, that whereas the said John M. Weeks was on the eighth day of November, 1898, duly elected to the office of county treasurer of the county of Jasper, State of Missouri, and has been duly commissioned; now, therefore, if the said John M. Weeks shall faithfully perform all the duties of his office of treasurer of Jasper county and as such treasurer of the school fund of Jasper county, faithfully dis-

burse according to law all such moneys as shall from time to time come. into his hands, then this obligation will be void."

The court's instructions were to the effect that the failure of the clerk to sign said warrant rendered it void, and that if he paid said warrant the jury would find for the plaintiff. The defendants asked the court to instruct the jury that the bond in suit does not cover school district funds, and the jury should find for them, and that if the jury found from the evidence that the signature of Shue, the president of the board, was genuine, the finding should be for the defendants. The jury found for the plaintiff and the defendants appealed.

Under section 9849, Revised Statutes 1899, the county treasurer in each county is made "the treasurer of all moneys for school purposes belonging to the different districts, until paid out on warrants duly issued by the boards authorized to issue such." Said section also provides that a county treasurer before entering upon the duties of his office "shall give a separate bond, with sufficient security, in double the probable amount of school moneys that shall come into his hands, to the State of Missouri, to be approved by the county court, conditioned for the faithful disbursement according to law of all such moneys as shall from time to time come into his hands." It will be perceived that the county treasurer's bond is to secure the school moneys in his hands belonging to the districts alone, and not other school moneys. Under our school laws there are two other school funds, one known as the county school fund and the other known as the township school fund. Under section 9828, Revised Statutes, supra. "The proceeds of the sixteenth section or other lands selected in lieu thereof, etc., constitute the township school fund. Section 9824, supra, defines what are to be considered county school funds. The township funds, under section 9829, are confided to the care and management of the county courts, respectively, which they are authorized to loan upon sufficient security. The county school funds are also to be

loaned out by the county courts. Under various provisions of the statute the district school funds are derived from several sources which it is not necessary to mention.

We have only called attention to the different funds, so that a proper consideration may be given to the terms of the bond in suit. It does not by its terms apply to the district school funds of the county as said statute provides, but instead, it applies to the school fund of Jasper county. This suit is not against the treasurer for the wrongful payment of a warrant drawn on the county school fund, but for the wrongful payment of a warrant drawn on the district school fund. As has been said, the bond by its terms does not refer to the district school funds. The question then arises, can the court by construction make said bond read so as to apply to such funds as was the evident intention of parties it should? Courts often reform contracts when the writing itself fails to express the real agreement between them, which by mistake or fraud was omitted. But it is also the universal holding of the courts, until such instruments evidencing contracts have been reformed in the proper forum, the contracts as so evidenced will be enforced, except in special cases. We do not feel that we are authorized to change the reading of said bond so as to make it apply to district funds, when it plainly and unequivocally says that the treasurer shall faithfully perform all the duties "as *treasurer* of the school fund of Jasper county and faithfully disburse according to law all such moneys as shall from time to time come into his hands." "The liability of a surety can not be extended beyond the plain terms of his contract. His liability can not be extended by implication." State to use, etc., v. Boone, 44 Mo. 262; The Singer Mfg. Co. v. Hibbs, 21 Mo. App. 574. The security in this case was bound only for a default upon the part of the treasurer in handling the county school fund. He can be liable only to the extent of his obligation. State to use, etc., v. Bouner et al., 72 Mo. 387.

It seems to us plain that under the bond in question neither the principal, Weeks, nor his security is bound by the terms thereof, for any default attaching to his duties as treasurer for the district school fund. But plaintiff says it is a good common-law bond. That is true enough, but under a common-law bond the defendants would not be bound for the alleged default for this reason assigned in the first instance. As the determination of the question is decisive of the right of the plaintiff to recover, we do not feel called upon to decide as to the validity of said warrant. Cause reversed. All concur.